# IN RE A. RAUCHENPLAT, Bankrupt.

SPECIFICATIONS IN OPPOSITION TO DISCHARGE—DEMURRER THERETO.

1. Specifications should be so concise, definite, and specific as to inform the bankrupt of the grounds of opposition to his discharge. It is not sufficient to merely follow the language of the statute.

2. A general specification of failure to keep proper books of account is, however, sufficient to raise the question whether books were kept showing the condition of the bankrupt's business.

April 19, 1902.

*Messrs. Pettingill & Keedy* for petitioner.

*Messrs. Dexter & Hord* for creditors.

HOLT, Judge, delivered the following opinion:

The demurrer to the original specifications filed in opposition to a discharge of the bankrupt was sustained, save as to the first and second grounds, which are as follows: (1) Because the said Rauchenplat has failed to keep such books of account or records, from which his true condition might be ascertained. (2) Because the books of the said Rauchenplat show many erasures, alterations, and doubtful transactions; and they have not been kept in due and orderly course of business, as provided by the laws in force in Porto Rico. Such books show that money and property had been transferred without there appearing any corresponding benefits to the said Rauchenplat.

Re Rauchenplat.

It was overruled as to the first, and decision reserved as to the second, ground, with leave to the objectors to amend and make it more definite. Upon a re-examination the court is satisfied that the demurrer to the first ground should have been sustained because it fails to aver any fraudulent purpose on the part of the bankrupt. This is required by § 14 of the bankrupt law. The amended specifications, however, supply this defect, and this cause is now submitted upon demurrer to them. The first ground is as follows, to wit: (a) Because the said Rauchenplat has knowingly and fraudulently while a bankrupt concealed from his trustee and creditors property belonging to his estate in bankruptcy.

This is too indefinite. It should set forth, at least in a general way, what property has been concealed. Specifications should be concise, definite, and specific. They should be sufficiently so to apprise the bankrupt of the grounds of opposition to his discharge. It is not sufficient to merely follow the language of the statute. The facts should be stated in order that the bankrupt may confess or join issue. No intendment should be made in favor of the pleader.

The second and third grounds are as follows: (b) Because he has made a false oath in his petition and schedules, and during the conduct of these proceedings, in that he has sworn that he had surrendered all of his property to the trustee and creditors, and has presented in his books true accounts, when as a matter of fact he had concealed property, and had not presented true accounts. (c) Because the said Rauchenplat has, with fraudulent intent to conceal his true financial condition, and in contemplation of bankruptcy, destroyed, concealed, and failed to keep such books of account or records, from which his true condition might be ascertained.

They are, substantially, amendments to the first and second

grounds of the original specifications.   If, however, they were not so, the court, for the purpose of a full and fair investigation of the merits of this application for discharge, would allow them to be filed as within the ten days from the time when cause had to be shown against the discharge.   The specification as to failure to keep proper books of account is of a general character, but is sufficient to raise the question whether books were kept which, as a whole, are sufficient to show the course or condition of the bankrupt's business.

The fourth ground of the amended specification is as follows: (d) Because he has paid certain creditors in full in preference of these petitioners, with intention of making a preference, and while insolvent; among others, J. Peña Chavarri on December 10th, 1901, to whom payment in full was made of a balance of $1,294.04; and to Ramona Alvarez, same date, of $705.76.

The demurrer to this ground is sustained.   It is not ground for a refusal of a discharge.

As to the first and second grounds of the original specifications as amended the demurrer, therefore, is overruled, as it is also to the ground set forth in the second ground (b) of the amended specifications.